SLIP OPINION


# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–295

| | |
|---|---|
| | **Opinion Delivered** October 2, 2013 |
| HECTOR MORALES | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, |
| APPELLANT | WESTERN DISTRICT [NO. CR-2012-814] |
| V. | |
| STATE OF ARKANSAS | HONORABLE BRENT DAVIS, JUDGE |
| APPELLEE | AFFIRMED |

## RHONDA K. WOOD, Judge

At a bench trial, the Circuit Court of Craighead County found the appellant Hector Morales guilty of sexual indecency with a child. On appeal, Morales challenges only the sufficiency of the evidence supporting the conviction. Specifically, he claims that because he met his burden of proof as to an affirmative defense established by statute, the case should be reversed. We disagree and affirm the conviction.

A motion to dismiss in a bench trial, identical to a motion for a directed verdict in a jury trial, is a challenge to the sufficiency of the evidence. *Stewart v. State*, 362 Ark. 400, 208 S.W.3d 768 (2005). On appeal, this court reviews the evidence in the light most favorable to the State, considering only the evidence that supports the conviction. *Spight v. State*, 101 Ark. App. 400, 278 S.W.3d 599 (2008). Because a criminal defendant's intent can seldom be proven by direct evidence, it must usually be inferred from the

circumstances surrounding the crime. *Id.* The fact-finder is allowed to draw upon his or her common knowledge and experience, and it is presumed that a person intends the natural and probable consequences of his or her acts. *Id.*

On appeal, Morales argues that his conviction was not supported by the evidence because he believed the victim, who was fourteen at the time of the incident, was twenty-four. Arkansas Code Annotated section 5–14–110(a)(1) (Supp. 2011) provides that a person commits sexual indecency with a child if, being eighteen years of age or older, the person solicits another person who is less than fifteen years of age or who is represented to be less than fifteen years of age to engage in sexual intercourse, deviate sexual activity, or sexual contact. Arkansas Code Annotated section 5–14–102(d)(1) provides that, when the criminality of conduct depends on the victim's "being below a critical age older than fourteen years, it is an affirmative defense that the actor reasonably believed the child to be of the critical age or above." It is appellant's burden to prove the affirmative defense by a preponderance of the evidence. *Wright v. State*, 98 Ark. App. 271, 254 S.W.3d 755 (2007). The question of which way the evidence preponderates is for the fact-finder to decide. *Walker v. State*, 308 Ark. 498, 825 S.W.2d 822 (1992).

At trial, the victim D.R. testified that on the evening of the incident, he went to a movie at the Malco theatre in Jonesboro. He left during the movie to buy a soft drink from a convenience store nearby, and when he returned to the theatre, he walked to the dumpsters behind it to throw away his drink container and smoke a cigarette. D.R. testified that while he was near the dumpsters, Morales approached him, asking D.R. if he "wanted to go around here and do it" and if he "went both ways," and telling D.R. that

2

he was "really cute." Morales testified that he thought D.R. was twenty-four years old because he was smoking a cigarette. Officer Smith, who responded to the theatre the night of the incident, described D.R. as being, at that time, a young boy who was thin and short. The trial judge, with his distinct advantage of seeing D.R. in court, stated that it was not reasonable for appellant to believe that D.R. was over the age of fifteen.

Based on this evidence, it is reasonable that a fact-finder could conclude that Morales did not prove his affirmative defense by a preponderance of the evidence. As such, the trial court did not err in its denial of Morales's motion to dismiss, and the conviction is affirmed.

Affirmed.

GRUBER and HIXSON, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.