ROBERT J. GLADWIN, Judge
Appellant Landan Worsham appeals the entry of a conditional guilty plea against him on one count of sexual indecency with a child pursuant to Arkansas Code Annotated section 5-14-110(a)(1) (Repl. 2013). He argues that the circuit court erred in denying his motion to dismiss, which argued that section 5-14-110(a)(1), as applied, was overbroad and impermissibly infringed on and burdened his fundamental right to freedom of expression under the First Amendment to the United States Constitution and article 2, section 6 of the Arkansas Constitution. We find merit in his argument; therefore, we reverse and dismiss.
I. Facts and Procedural History
On September 6, 2017, an information was filed in which appellant was charged with sexual indecency with a child in violation of section 5-14-110(a)(1), specifically that he, "being eighteen years old at the time, solicited another person who was less than fifteen, to engage in sexual intercourse, deviate sexual activity, or sexual contact." Appellant, who was eighteen years old at the time, and his then fourteen-year-old girlfriend, Z.R., sent text messages and social media posts to one another in which he solicited sex with her. At least one text message was apparently provided in discovery, but no text messages or social media posts were introduced in the circuit court proceedings or are part of the record on appeal.
Appellant filed a pretrial motion to dismiss, alleging that section 5-14-110(a)(1), as applied, was unconstitutional in that it punished speech about lawful activity-specifically that it criminalized appellant's *3 expression in words of his desire to have sex with Z.R., which is a legal act under Arkansas law.[1] As required, appellant also sent notice to the Arkansas Attorney General that he was challenging the constitutionality of section 5-14-110(a)(1).
In response, the State claimed that it has a special interest in protecting the well-being of its youth, citing New York v. Ferber , 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982). The State argued that the challenged solicitation provision of the statute was aimed at "protecting the emotional, social, mental, and physical well-being of children" and that the provision was "narrowly tailored to its rationale"-in that it does not prohibit adults from soliciting children fifteen years or older; it does not prevent adults from speaking generally with children fourteen years or younger; it only prevents adults from attempting to solicit sexual intercourse, sexual contact, or deviate sexual activity with children fourteen years or younger.
On February 12, 2018, there was a hearing on appellant's motion, with no testimony presented. The circuit court held that "[t]he State's special interest in protecting [minors under the age of fifteen] from indecent speech or conduct substantially outweigh[ed] [appellant's] expressive interest to communicate the same." The motion was denied by order on March 6, 2018, and the following day, appellant entered a conditional guilty plea to sexual indecency with a child, preserving his ability to appeal the circuit court's denial of his motion to dismiss, which is now before us. See Ark. R. Crim. P. 24.3(b)(iii) (2017).
II. Standard of Review and Applicable Law
This appeal raises the question of whether the circuit court erred when it found that Arkansas Code Annotated section 5-14-110(a)(1) was not overbroad and did not impermissibly infringe upon the constitutionally protected speech of appellant. Both the circuit court's interpretation of the constitution as well as the issues of statutory interpretation are reviewed de novo. Wyly v. State , 2018 Ark. App. 505, 559 S.W.3d 326.
The conduct of solicitation involved in this appeal constitutes speech, and freedom of speech involves a fundamental right guaranteed by the First and Fourteenth Amendments to the United States Constitution, as well as article 2, section 6 of the Arkansas Constitution. The standard of review on constitutional challenges of fundamental rights are reviewed under strict scrutiny, which means it cannot pass constitutional muster unless it provides the least restrictive method available that is narrowly tailored to accomplish a compelling State interest. Arnold v. State , 2011 Ark. 395, 384 S.W.3d 488 ; see also Sable Commc'ns of Cal. v. F.C.C. , 492 U.S. 115, 109 S.Ct. 2829, 106 L.Ed.2d 93 (1989).
Arkansas statutes are presumed constitutional, and the challenger of the statute must prove otherwise. Ray v. State , 2017 Ark. App. 574, 533 S.W.3d 587. If it is possible to construe a statute as *4 constitutional, we must do so. Boose v. State , 2017 Ark. App. 302, 523 S.W.3d 366.
III. Discussion
Appellant argues that because the challenged statute prohibits his right to free speech about lawful conduct-a fundamental right under both the United States and Arkansas Constitutions-it is subject to strict scrutiny, meaning it cannot pass constitutional muster unless it provides the least restrictive method available that is narrowly tailored to accomplish a compelling State interest. Arnold , supra. Although the State does not dispute that assertion regarding speech soliciting lawful conduct, it does argue that the solicitation speech involved here is unprotected obscenity, such that a strict-scrutiny analysis does not apply. We disagree.
The First Amendment permits "restrictions upon the content of speech in a few limited areas, which are 'of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality.' " R.A.V. v. City of St. Paul, Minn. , 505 U.S. 377, 382-83, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992) (quoting Chaplinsky v. New Hampshire , 315 U.S. 568, 571, 62 S.Ct. 766, 86 L.Ed. 1031 (1942) ). These classes of unprotected speech include defamation, incitement, obscenity, and child pornography. See Ashcroft v. Free Speech Coal. , 535 U.S. 234, 246, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002) ; see also Roth v. U.S. , 354 U.S. 476, 485, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957) (holding that "obscenity is not within the area of constitutionally protected speech or press"). The United States Supreme Court has "long held that obscene speech-sexually explicit material that violates fundamental notions of decency-is not protected by the First Amendment." United States v. Williams , 553 U.S. 285, 288, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008). The court in Miller v. California , 413 U.S. 15, 24, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), set forth a three-part test to determine what constitutes obscenity:
(a) whether the average person, applying contemporary community standards would find that the work, taken as a whole, appeals to the prurient interest, (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.
(internal citations and quotations omitted).
The State submits that pursuant to Miller , section 5-14-110(a)(1) is not unconstitutional because it restricts obscene speech that is not afforded First Amendment protections because it concerns prurient interest in sex with minors by an adult. Prurient interest is "[c]haracterized by or arousing inordinate or unusual sexual desire."Black's Law Dictionary 1263 (8th ed. 2004) (defining prurient). Communications appealing to the prurient interest are those that involve "a shameful or morbid interest in nudity, sex, or excretion" and not those that "provoke only normal, healthy sexual desires." Brockett v. Spokane Arcades, Inc. , 472 U.S. 491, 498, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985).
The Miller test requires a fact-intensive inquiry on a case-by-case basis, and because the text(s) in question are not part of the record before us, it is impossible for us to determine whether the solicitation speech in question "depict[ed] or describe[d], in a patently offensive way, sexual conduct specifically defined by the applicable state law." Miller , 413 U.S. at 24, 93 S.Ct. 2607. The State does not allege any pornography or the sharing of any pornographic pictures between appellant and *5 Z.R. The affidavit attached to the information states that officers examined Z.R.'s phone and observed messages between appellant and Z.R. in which appellant stated, "[H]e thought she was cute, but he knew she would be jailbait due to her age and they could not talk about their relationship because he would have to register as a sex offender."
Moreover, the Court has repeatedly rejected arguments that material involving children is "inherently" obscene. See Ashcroft , supra (invalidating a federal law that prohibited "virtual child pornography"); see also Brown v. Entertainment Merchs. Ass'n , 564 U.S. 786, 131 S.Ct. 2729, 180 L.Ed.2d 708 (2011) (rejecting California's claim that violent and sexually explicit video games marketed to children were obscene).
Although the State's argument regarding whether the speech at issue constitutes obscenity is intensely fact specific, it neither included the specific texts and/or social media posts between appellant and Z.R. in the record nor made this argument below or in any way included the specific speech in its appellate brief before us. Not only have we failed to locate any recent case in which written descriptions of sexual acts have been found to constitute unprotected obscenity-which at most is what is at issue here-we have no specific speech before us that can be appropriately analyzed under Miller , supra. Accordingly, we hold that the speech in question is protected under the United States and Arkansas Constitutions; therefore, we must review the case under strict scrutiny.
Because the statute infringes on the fundamental right to free speech, the State may regulate protected speech only if such regulation is narrowly tailored to serve a compelling governmental interest. See Simes v. Ark. Judicial Discipline & Disability Comm'n , 368 Ark. 577, 247 S.W.3d 876 (2007). "The State must specifically identify an actual problem in need of solving, and the curtailment of free speech must be actually necessary to the solution." Brown , 564 U.S. at 799, 131 S.Ct. 2729 (internal citations and quotations omitted).
The State focuses on the goal of protecting children, citing Ferber , 458 U.S. at 756-57, 102 S.Ct. 3348, specifically protecting children from "having to deal with" communications from older teens and adults soliciting sex. Even if that goal constitutes a valid compelling state interest, we hold that the statute fails to satisfy the second prong of strict scrutiny because it is not narrowly tailored to achieve that goal.
The State of Arkansas could achieve its goal of protecting minors in a more narrowly tailored way by prohibiting sex between an eighteen-year-old and a fourteen-year-old. If it did so, the speech at issue in this case would be unprotected, as was held in Neely v. McDaniel , 677 F.3d 346 (8th Cir. 2012), in which the Eighth Circuit Court of Appeals rejected a similar constitutional challenge to the same statute because the sexual acts solicited by the defendant were undisputedly illegal under Arkansas law. The court noted that "[o]ffers to engage in illegal transactions enjoy no First Amendment protection." Id. at 351. The Eighth Circuit explained that a plaintiff may invoke the overbreadth doctrine on the ground that "the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression." Id. (citing Broadrick v. Oklahoma , 413 U.S. 601, 612, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973) ). In Neely , the court noted that the statute in question presented potential overbreadth concerns in that it criminalized speech soliciting legal conduct, but it held that those concerns were not implicated by the facts *6 before it and could be addressed going forward on a "case by case basis."
This case falls squarely in that category. Appellant illustrates that the statute is not narrowly tailored, pointing out that a prior version of section 5-14-110 criminalized only solicitations of sexual conduct that would otherwise be illegal under the code. The statute was changed by Act 1821 of 2001 to cover all solicitations of sexual contact between such parties, even when the underlying conduct itself would be legal. As the prior version of the statute provides a clear example of a less restrictive alternative by which the State could achieve its stated goal, we hold that the current law fails to meet the second prong of strict scrutiny because the statute is not the least restrictive means by which to advance the government's interest.
We hold that the application of section 5-14-110 to appellant under the stipulated facts of this case was unconstitutionally overbroad in suppressing his fundamental right to engage in expression protected under both the Arkansas and United States Constitutions. Accordingly, we reverse and dismiss.
Reversed and dismissed.
Glover and Vaught, JJ., agree.

The State does not dispute that the underlying sexual activity that appellant solicited from Z.R. would have been legal for the parties to engage in; appellant could not have been prosecuted for having sex with Z.R., pursuant to Arkansas Code Annotated section 5-14-103(a)(3)(A), -125(a)(3), -126(a)(2)(A), -127(a) (Supp. 2017), as they only describe sex with someone who is under fourteen years of age or where a perpetrator is twenty years of age or more with a person under sixteen, or when the parties are related, or if the older person is in a position of trust over the other, none of which is present here. But the statute does prohibit the solicitation of even legal sexual acts.