Jerome WILLIAMS *v.* STATE of Arkansas

CA CR 85-173                                705 S.W.2d 896

Court of Appeals of Arkansas
Division I
Opinion delivered March 19, 1986

174

*Chet Dunlap*, for appellant.

*Steve Clark*, Att'y Gen., by: *Connie Griffin*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Judge. Jerome Williams appeals his conviction for theft of property, for which he was sentenced, as a habitual offender, to serve a fifteen-year term in the Arkansas Department of Correction and to pay a fine of $5,000.00. For reversal, he contends the trial court erred in refusing to grant a mistrial. We affirm.

Appellant was tried by a jury and convicted after a two-day trial in Poinsett County Circuit Court. Testimony in the case was concluded the first day, and on the second day, after jury instructions were read, closing arguments were made, and the jury retired, appellant made his argument to the judge on his motion for a mistrial. Appellant's attorney said that prior to trial, he had asked the sheriff that appellant not be handcuffed while he was transported to the courthouse. He stated he thought that it might prejudice some jurors if they were to see his client that way. On the second day of trial, appellant told his attorney that he had been led in handcuffs from a police car to the courthouse, and had been seen by most of the jurors who were standing in front of the courthouse. He recognized one juror specifically. Appellant said he also was observed later by another juror in the hallway of the courthouse. Appellant argues that he was denied a fair trial because the jurors saw him in handcuffs, and because the sheriff acted in bad faith.

The granting of a mistrial is a drastic remedy and should be granted only when justice cannot be accomplished by continuing the trial. *Parks* v. *State*, 11 Ark. App. 238, 669 S.W.2d 496 (1984). We will not reverse a judgment for an error which is unaccompanied by prejudice. *Burnett* v. *State*, 287 Ark.

158, 697 S.W.2d 95 (1985); *Hughes* v. *State*, 17 Ark. App. 34, 702 S.W.2d 817 (1985).

The Arkansas Supreme Court has held that it is not prejudicial per se when a defendant is brought into a courtroom handcuffed. *Johnson* v. *State*, 261 Ark. 183, 546 S.W.2d 719 (1977). More recently, the supreme court held that the trial court did not err by not declaring a mistrial when there was a brief, inadvertent sighting of the appellant in handcuffs by some of the jurors. *Hill* v. *State*, 285 Ark. 77, 685 S.W.2d 495 (1985). There, as in this case, appellant offered no proof of any jurors actually having seen him, and he requested no *voir dire* to substantiate his allegation of prejudice. In addition, there was no affirmative showing of prejudice by appellant.[1] The court in *Hill* relied extensively on *United States* v. *Carr*, 647 F.2d 867 (8th Cir. 1981). In *Carr*, the defendant was allegedly seen by several members of the jury panel while in handcuffs and a waist chain before trial. The court stated: "[B]rief and inadvertent exposure of defendants to jurors is not inherently prejudicial; the defendant must bear the burden of affirmatively demonstrating prejudice." *Id.* at 868 (quoting *United States* v. *Robinson*, 645 F.2d 616, 617 (8th Cir. 1981)). While appellant attempts to distinguish *Carr*, claiming his exposure here was *not* brief, the record, as we already mentioned, belies such a claim.

Furthermore, the record fails to substantiate appellant's allegation of bad faith on the part of the sheriff. No proof was offered to show that appellant was not transported according to established procedure. Nor was there evidence that there was an alternate route by which appellant could have been taken to avoid the public, or that the officers intentionally exposed him to the jurors. Accordingly, we affirm.

Affirmed.

---

[1] Appellant argues he was deprived of an opportunity to show prejudice because the trial judge delayed the argument on his motion for a mistrial until after the jury retired. Because this incident arose on the second day of trial rather than when the trial began, counsel and the trial court were admittedly at a poorer stage at which to offer and consider the motion. Nonetheless, appellant was not precluded from offering evidence to support his motion and requesting that the court rule on it.

CRACRAFT, C.J., and COOPER, J., agree.