Charles STARKS *v.* STATE of Arkansas

CA CR 90-156                                    804 S.W.2d 728

Court of Appeals of Arkansas
Division I
Opinion delivered February 20, 1991
[Rehearing denied March 20, 1991.]

*Smith & Smith*, by: *Norman Smith* and *Wilson, Engstrom, Corum & Dudley*, by: *Timothy O. Dudley* and *William R. Wilson, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. Charles Starks was charged with one count of rape and one count of incest, offenses which the state alleged were committed on his minor stepdaughter. At trial the charge of rape was reduced to sexual abuse in the first degree. A jury found the appellant guilty of both offenses and he was sentenced to five years on each count, to be served consecutively.

The sole contention on appeal is that the trial court erred in denying appellant's motion to sever the offenses for trial. We find no error and affirm.

Appellant relies on *Teas* v. *State*, 266 Ark. 572, 587 S.W.2d 28 (1979), and on Ark. R. Crim. P. 22.2(a). That rule provides:

> Whenever two or more offenses have been joined for trial solely on the ground that they are of the same or similar character and they are not part of a single scheme or plan, the defendant shall have a right to a severance of the offenses.

Here the trial court, in denying the motion to sever, stated:

> All right. I'm going to let the cases remain joined basically on judicial economy, where you've got the same witnesses, same evidence, same defenses. I can't see any prejudice to the Defendant. I could see more prejudice to the Defendant if they were severed. The state would in effect have two shots at Mr. Starks.

In *Teas* v. *State, supra,* the Arkansas Supreme Court reversed the trial judge's refusal to sever the offenses. In *Teas,* the defendant was charged with selling marijuana on December 5, 1977, and with the separate offense of selling morphine on December 14, 1977, to the same confidential informant. The supreme court said:

> The only connection we can find between the two sales is the fact that both were made to Steve Hicks. This showing alone is insufficient to connect the two sales by a single scheme or plan within the meaning of Criminal Rule 22.2 *supra*. It follows that the trial court erred in joining the two offenses for purpose of trial.

Although appellant contends that *Teas* is directly in point, we cannot agree. In the case at bar the appellant made a

statement to police officers which was introduced into evidence at trial. In that statement appellant said:

> Sometime in the last three years I started to fool around with Charolette who is my step-daughter. It started out I was just patting around on her. Most of the time it happened around the Hunting Lodge where I am employed. Charolette was about 12 years old when I first started messing with her. We spent a lot of time together and had grown real close. After about one year of the patting I started to have sex with her. This has gone on for about two years now. There were times when we may have had sex twice in the same week and then I think we both would feel guilty about it and it might be months before we would have sex again.

Our view is that appellant's statement by itself provides an adequate indication that the two offenses were part of a single scheme or plan.

Appellant contends that the purpose of Rule 22.2 is to give effect to the principle that the state cannot bolster its case against the accused by proving that he committed other similar offenses in the past, which was the view taken by Justice George Rose Smith in a concurring opinion in *Teas*. Assuming that this is the underlying purpose of the rule, that purpose would not be served by granting a severance in the case at bar because evidence of the earlier conduct would very likely be admissible in a prosecution for the later offense. *See Young* v. *State*, 296 Ark. 394, 757 S.W.2d 544 (1988); *Free* v. *State*, 293 Ark. 65, 732 S.W.2d 452 (1987).

Finally, we do not find it determinative that the trial judge stated that he was denying the motion for reasons "primarily of judicial economy." We do not reverse a correct decision merely because the reason given for it was the wrong one. *Hicks* v. *State*, 28 Ark. App. 268, 773 S.W.2d 113 (1989).

Affirmed.

CRACRAFT, C.J., and COOPER, J., agree.