Charles Joseph McARDELL *v.* STATE of Arkansas

CA CR 91-250 833 S.W.2d 786

Court of Appeals of Arkansas
Division I
Opinion delivered June 10, 1992

*Marianne L. Chaney*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Melissa K. Rust*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Charles Joseph McArdell ws convicted of the rape of one of his stepdaughters and sexual abuse in the first degree of another stepdaughter. He was sentenced to twenty years and six years, respectively, in the Arkansas Department of Correction, to be served consecutively. On appeal he argues that the trial court erred in (1) not granting his motion to sever the two charges; (2) not declaring a mistrial; (3) holding that the younger girl was competent to testify; and (4) refusing his motion for production of a transcript of a previous trial which ended in a mistrial. We relate only those facts which are necessary to our decision.

Appellant first argues that the trial court erred in not granting his motion to sever the offenses. Ark. R. Crim. P. 22.2 provides:

> (a) Whenever two (2) or more offenses have been joined for trial solely on the ground that they are of the same or similar character and they are not part of a single scheme or plan, the defendant shall have a right to severance of the offenses.

> (b) The court, on application of the prosecuting attorney, or on application of the defendant other than under subsection (a), shall grant a severance of offenses:

> (i) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or

(ii) if during trial, upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense.

■■ When offenses are based on the same conduct or a series of acts connected together or constituting parts of a single scheme or plan, they may be joined for trial. *See Henry* v. *State,* 278 Ark. 478, 647 S.W.2d 419 (1983); *Ruiz* v. *State,* 273 Ark. 94, 617 S.W.2d 6 (1981); *Rubio* v. *State,* 18 Ark. App. 277, 715 S.W.2d 214 (1986). There are circumstances under which separate crimes committed upon different individuals close in time may constitute a single scheme or plan within the meaning of Ark. R. Crim. P. 22.2. *James* v. *State,* 11 Ark. App. 1, 665 S.W.2d 883 (1984). The decision to join or sever offenses is within the discretion of the trial court, and we will not reverse absent an abuse of discretion. *Rubio* v. *State, supra.*

In *Starks* v. *State,* 33 Ark. App. 165, 804 S.W.2d 728 (1991), the appellant had been charged with one count of rape and one count of incest, both committed on his minor stepdaughter over a two year period. The charge of rape was reduced at trial to sexual abuse in the first degree and appellant was convicted of both charges. On appeal we affirmed the trial court's denial of severance and stated that there was an "adequate indication that the two offenses were part of a single scheme or plan." 33 Ark. App. at 167.

In *James* v. *State, supra,* the appellant was accused of engaging in sexual activity with his seven-year-old daughter and his fifteen-year-old adopted daughter on the same day. We cited *Ruiz* v. *State, supra,* for the holding that there are circumstances under which separate crimes committed upon different individuals close in time may constitute a single scheme or plan within the meaning of Ark. R. Crim. P. 22.2(a). 11 Ark. App. at 5.

Appellant accurately points out that the information in this case alleged two offenses against two separate victims over a period of eighteen months. He argues that rape is not a continuing offense, but is a single event, and that two instances of rape can result in two convictions. *Tarry* v. *State,* 289 Ark. 193, 710 S.W.2d 202 (1986). Appellant takes the position that since the charges against him did not result from one criminal episode and it was charged that there were two separate victims, it was unfair

to require him to be tried on both charges at the same time.

Appellee responds that these offenses comprised a common scheme: the victims are sisters, step-daughters of the appellant; the sexual conduct all occurred in the home of the appellant and the victims; and that contact continued over a period of eighteen months.

Under these circumstances we cannot say that the trial court abused its discretion in refusing to sever the offenses. These acts constituted a continuing course of conduct which, in effect, constituted a single scheme or plan.

Appellant's next argument is that the court erred in refusing to declare a mistrial because a prosecution witness, the girls' mother, remained in the courtroom after the witnesses had been excluded under the "Rule." Arkansas Rule of Evidence 615 provides that at the request of a party the witnesses shall be excluded from the courtroom so they cannot hear the testimony of the other witnesses. Appellant argues that because the mother of the victims remained in the courtroom and heard the testimony of her daughters before she testified, "error should have been presumed and the mistrial should have been granted." We cannot agree.

A mistrial is a drastic remedy and should be granted only when justice cannot be accomplished by continuing the trial. *Snell* v. *State*, 290 Ark. 503, 721 S.W.2d 628 (1986); *Williams* v. *State*, 17 Ark. App. 173, 705 S.W.2d 896 (1986). The granting of a mistrial rests within the discretion of the trial judge. *Novak* v. *State*, 287 Ark. 271, 698 S.W.2d 499 (1985); *Clinkscale* v. *State*, 13 Ark. App. 149, 680 S.W.2d 728 (1984).

Arkansas Rule of Evidence 616 provides:

> Notwithstanding any provision to the contrary, in any criminal prosecution, the victim of a crime, *and in the event that the victim of a crime is a minor child under eighteen (18) years of age, that minor victim's parents* . . . shall have the right to be present during any hearing, deposition, or trial of the offense [Emphasis added.]

The judge did not commit error by refusing to declare a mistrial.

Appellant also argues that the trial court erred in holding

that one of the victims was competent to testify. At the time of the trial this girl was nine years old. In ruling on one of the State's pretrial motions the judge said he found the girl to be "of average maturity and rather articulate . . . reliable and credible."

 Arkansas Rule of Evidence 601 provides that "every person is competent to be a witness except as otherwise provided in these rules." The question of the competency of a witness to testify is a matter lying within the sound discretion of the trial court and, in the absence of clear abuse, the appellate court will not reverse on appeal. *Jackson* v. *State*, 290 Ark. 375, 720 S.W.2d 282 (1986). In *Kitchen* v. *State*, 271 Ark. 1, 607 S.W.2d 345 (1980), the Arkansas Supreme Court stated:

> Appellant correctly perceives that the common law tests of competency of a witness in a criminal case in Arkansas have been clearly established. They are: the ability to understand the obligation of an oath and to comprehend the obligation imposed by it; an understanding of the consequences of false swearing; and the ability to receive accurate impressions and to retain them, to the extent that the capacity exists to transmit to the fact finder a reasonable statement of what was seen, felt or heard.

271 Ark. at 10. *See also Chambers* v. *State*, 275 Ark. 177, 628 S.W.2d 306 (1982).

 The issue of competency of a witness is one in which the trial judge's evaluation is particularly important due to the opportunity he is afforded to observe the witness and the testimony. *Clifton* v. *State*, 289 Ark. 63, 709 S.W.2d 63 (1986).

> As long as the record is one upon which the trial judge could find a moral awareness of the obligation to tell the truth and an ability to observe, remember, and relate facts, we will not hold there has been a manifest error or abuse of discretion in allowing the testimony.

289 Ark. at 65. In a child rape case, the matter of the competency of the child is primarily for the judge to decide, as he is better able than this court to judge the child's intelligence and understanding of the necessity for telling the truth. *Jackson, supra. See also, Needham* v. *State*, 215 Ark. 935, 224 S.W.2d 785 (1949).

Appellant argues, however, that because of several inconsistencies in the girl's testimony the court should have found her incompetent to testify. Appellant points out three particular instances in which the girl's trial testimony varied somewhat from her testimony at the motion hearings; however, it is the jury's job to resolve any contradictions, conflicts, or inconsistencies in a witness's testimony, *Franklin* v. *State*, 308 Ark. 539, 825 S.W.2d 263 (1992); *Abdullah* v. *State*, 301 Ark. 235, 783 S.W.2d 58 (1990).

Appellant's next argument is based on the trial court's denial of his request for a transcript of his previous trial, which ended in mistrial. On February 11, 1991, appellant filed a motion requesting the transcript and a hearing was held on the motion on February 15. The prosecutor argued that if the court granted appellant's motion, it would further delay the trial, and the court denied the motion.

Appellant relies on *Britt* v. *North Carolina*, 404 U.S. 226 (1971), in which the United States Supreme Court held that "the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." 404 U.S. at 227. The Court also stated:

> In prior cases involving an indigent defendant's claim of right to a free transcript, this Court has identified two factors that are relevant to the determination of need: (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript.

> Our cases have consistently recognized the value to a defendant of a transcript of prior proceedings, without requiring a showing of need tailored to the facts of the particular case. . . . [E]ven in the absence of specific allegations it can ordinarily be assumed that a transcript of a prior mistrial would be valuable to the defendant in at least two ways: as a discovery device in preparation for trial, and as a tool at the trial itself for the impeachment of prosecution witnesses.

404 U.S. at 227-28. Nevertheless, the United States Supreme

Court affirmed the denial of the transcript to Britt because the second trial was before the same judge, with the same counsel and the same court reporter, and the two trials were only a month apart. Moreover, the Court stated that the trials took place in a small town where the court reporter was a good friend of all the local lawyers and would have read back to counsel his notes of the mistrial, well in advance of the second trial, if counsel had simply made an informal request. 404 U.S. at 228-29.

Appellant argues that, in his case, the judge presiding at the trial which resulted in a mistrial was not the same judge who presided over the trial from which this appeal is brought; there was a lapse of four months between the mistrial and the subsequent trial; and the court denied his motion on the basis of lack of benefit to the appellant which, he argues, was flatly rejected in *Britt*. We note, however, that the appellant had the same counsel at both trials; the trials were *only* four months apart; defense counsel had ample opportunity to cross examine and impeach the witnesses; and there is no evidence that appellant suffered any prejudice in not having the transcript of the mistrial. Furthermore, appellant could have requested the transcript immediately following the mistrial without causing any delay in the retrial. Since he waited until five days before the retrial was to begin to request the transcript, we cannot say it was error to refuse the request for the transcript.

Affirmed.

COOPER and JENNINGS, JJ., agree.