

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-17-294

| | |
|---|---|
| WAYNE TRAVIS RAY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** November 1, 2017<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT<br>[NO. 63CR-99-114]<br><br>HONORABLE GRISHAM PHILLIPS, JUDGE<br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant Wayne Travis Ray petitioned the Saline County Circuit Court to terminate his obligation to register as a sex offender pursuant to Arkansas Code Annotated section 12-12-919. He also filed a motion seeking to have that statute declared unconstitutional. The circuit court denied both requests. On appeal, Ray argues that section 12–12-919 is unconstitutional as applied to him under the equal protection clause and is an unconstitutional ex post facto law.

Arkansas Code Annotated section 12–12-919(b)(1)(A)(i) (Repl. 2016) provides that fifteen years after having been released from incarceration, a sex offender may apply for an order to terminate the obligation to register. The court shall grant an order terminating the obligation to register upon proof by a preponderance of the evidence that the applicant has not been adjudicated guilty of a sex offense for fifteen years and is not likely to pose a threat to the safety of others. Ark. Code Ann. § 12-12-919(b)(2). However, this process does not

SLIP OPINION

apply to sex offenders who are required to make lifetime registration under Arkansas Code Annotated section 12-12-919(a), including a sex offender who "[h]as pleaded guilty or nolo contendere to or been found guilty of a second or subsequent sex offense under a separate case number, not multiple counts on the same charge."[1] The lifetime-registration requirement of section 12-12-919 was added to the statute by Act 1743 of 2001. Before that amendment, the statute provided a method by which all sex offenders could seek termination of the obligation to register.

Ray's obligation to register as a sex offender stemmed from his 1999 Saline County Circuit Court conviction for one count of sexual abuse in the first degree. Ray pleaded guilty in that case and was sentenced to five years' imprisonment and five years' suspended imposition of sentence. In April 2016, Ray filed a petition to terminate his obligation to register. He alleged that he had been released from the Department of Correction on November 1, 2000, had not been found guilty of a sex offense during the fifteen years since his release, and was not likely to pose a threat to the safety of others. However, Ray's petition also noted that days after his 1999 conviction in Saline County Circuit Court, he was convicted in the Pulaski County Circuit Court of the same offense against the same

---

[1]Three other categories of sex offenders are required to submit to lifetime registration under the current version of the statute: offenders found to have committed an aggravated sex offense; offenders determined by the court to be or assessed as a Level 4 sexually dangerous person; and offenders convicted of rape by forcible compulsion pursuant to section 5-14-103(a)(1) or other substantially similar offense in another jurisdiction. Ark. Code Ann. § 12-12-919(a).

SLIP OPINION

victim. The sentences in those cases were ordered to run concurrently.

The State responded that Ray's petition should be denied because he was likely to pose a threat to others and that he should be reassessed with the Sex Offender Community Notification Assessment Program. Subsequently, Ray filed a motion to find section 12-12-919 unconstitutional. He alleged that he had been charged and convicted in two separate cases due to his move from one county to another but that the victim was the same in both cases, and the crimes had been committed over the course of several years. He claimed that the requirement in section 12-12-919 of lifetime registration for offenders found guilty of a subsequent sex offense under a separate case number was unconstitutional as applied to him under the equal protection clauses of the United States and Arkansas Constitutions. He also alleged that the statute was an unconstitutional ex post facto law under the United States and Arkansas Constitutions.

The State responded that Ray was not eligible under the statute to apply for an order terminating his obligation to register. The Attorney General intervened and filed a response to Ray's constitutional challenges. Following a hearing, the circuit court entered an order denying Ray's petition to terminate his obligation to register because he had pleaded guilty to sex offenses in two separate cases. The court found that section 12–12-919 was not an unconstitutional ex post facto law because it was regulatory, not punitive, in nature and that the statute did not violate Ray's equal protection rights because it was supported by at least one rational basis.

SLIP OPINION

The general rule in cases involving a question of the constitutionality of a statute is that the statute is presumed constitutional, and the burden of proving otherwise is on the challenger of the statute. *Kellar v. Fayetteville Police Dep't*, 339 Ark. 274, 5 S.W.3d 402 (1999). Because statutes are presumed to be framed in accordance with the Constitution, they should not be held invalid for repugnance thereto unless such conflict is clear and unmistakable. *Id*.

Ray first argues that application of the provision of section 12-12-919 requiring lifetime registration in his case violates his rights to equal protection under the federal and state constitutions. Equal protection under the law is guaranteed by the Fourteenth Amendment to the United States Constitution and by article 2, sections 2, 3, and 18 of the Arkansas Constitution. In deciding whether an equal-protection challenge is warranted, there must first be a determination that there is a state action which differentiates among individuals. *Arnold v. State*, 2011 Ark. 395, 384 S.W.3d 488. Ray has established that section 12-12-919 differentiates among defendants who are convicted of sex offenses in more than one case and those who are convicted in only a single case. Ray does not dispute that the rational-basis test is the applicable constitutional standard of review. Under the rational-basis test, we presume the statute to be constitutional and rationally related to achieving its objectives. *Arnold*, *supra*. The party challenging the constitutionality of the statute must prove that the statute is not rationally related to achieving any legitimate governmental objective under any reasonably conceivable fact situation. *Id*.

4

SLIP OPINION

Equal protection does not require that persons be dealt with identically; it only requires that classification rest on real and not feigned differences, that the distinctions have some relevance to the purpose for which the classification is made, and that their treatment be not so disparate as to be arbitrary. *Akers v. State*, 2015 Ark. App. 352, 464 S.W.3d 483. When addressing an equal-protection challenge to a statute, it is not our role to discover the actual basis for the legislation. *Id.* We merely consider whether there is any rational basis that demonstrates the possibility of a deliberate nexus with state objectives so that legislation is not the product of arbitrary and capricious government purposes. *Id.* If we determine that any rational basis exists, the statute will withstand constitutional challenge. *Id.*

Ray argues that the requirement of lifetime registration for defendants convicted in more than one case is intended to protect the public from individuals who pose a greater danger while allowing offenders who pose a lesser threat an opportunity to be removed from the registry. Ray contends that he was convicted in multiple case numbers merely "due to geography," and the fact that he had only one victim demonstrates that he poses a lesser threat. He argues that it is unfair that offenders with multiple victims and multiple offenses and who pose a higher threat than him can still seek termination of their obligation to register if they were convicted under only one case number.

We agree with the State, however, that a rational basis exists for treating sex offenders convicted under more than one case number differently than those convicted under a single case number. The legislative intent behind the sex-offender registry is to protect the public

from sex offenders, whom the legislature has found to pose a high risk of reoffending after having been released from custody. Ark. Code Ann. § 12-12-902. Individuals convicted of a subsequent sex offense under a second case number have committed more than one sex crime, and the General Assembly could have concluded that these individuals are more likely to reoffend. The underinclusiveness of a particular provision does not make the provision unconstitutional. *Landers v. Stone*, 2016 Ark. 272, 496 S.W.3d 370. Thus, Ray's argument concerning sex offenders convicted of offenses against multiple victims under one case number does not render the legislature's chosen classification unconstitutional. We hold that the lifetime-registration requirement for sex offenders convicted in a subsequent case meets the very deferential rational-basis standard, *see Brown v. State*, 2015 Ark. 16, 454 S.W.3d 226, and that Ray has failed to demonstrate that section 12-12-919 violates his right to equal protection.

Ray next argues that because his convictions occurred before the amendment of section 12-12-919 by Act 1743 of 2001, the requirement of lifetime registration violates the ex post facto prohibitions of the United States and Arkansas Constitutions. A law is prohibited as ex post facto when it punishes as a crime an act previously committed, which was innocent when done; makes more burdensome the punishment for a crime after its commission; or deprives one charged with crime of any defense available according to law at the time when the act was committed. *Kellar v. Fayetteville Police Dep't*, 339 Ark. 274, 5 S.W.3d 402 (1999) (citing *Beazell v. Ohio*, 269 U.S. 167 (1925)). If the law is regulatory or

SLIP OPINION

civil in nature, it cannot be an ex post facto law. *Id.*

In *Kellar*, the appellant challenged the constitutionality of the original version of the Sex Offender Registration Act, Act 789 of 1997, codified as Arkansas Code Annotated sections 12-12-901 to -920. To determine whether the Act violated ex post facto clauses, the supreme court first determined that the intent of the legislature was nonpunitive and then examined the effects of the Act to see whether they transformed a civil remedy into a criminal penalty. To make its determination, the supreme court looked to the factors set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963), and concluded that

> [g]iven the overall balance of the *Kennedy* factors, we are left with the conclusion that, while there may be some punitive characteristics inherent in the registration and notification statute, the Act is essentially regulatory and therefore non-punitive in nature. Because it is not a form of punishment, it therefore cannot be considered a violation of the ex post facto clauses of the United States and Arkansas Constitutions.

In *Parkman v. Sex Offender Screening & Risk Assessment Comm.*, 2009 Ark. 205, 307 S.W.3d 6, the appellant argued in part that certain amendments to the Sex Offender Registration Act after *Kellar* had been decided were criminal in nature. The supreme court compared the current version of the statutes with those at issue in *Kellar* and held that the amendments did not transform what was already found to be civil in nature to be criminal or punitive.

Ray acknowledges *Kellar* but argues that the effect of the Act is punitive, noting without citation several restrictions that apply to sex offenders. He notes that before the amendment regarding lifetime registration, he had an opportunity to be removed from the

registry, although removal was never guaranteed. Ray does not explain, however, how this amendment, or any other changes in the law since *Kellar* or *Parkman*, should change the *Kellar* analysis. He has failed to distinguish those cases or explain why what was previously found to be civil in nature should now be deemed criminal. Thus, we find no merit in Ray's ex post facto claims.

Affirmed.

VIRDEN and BROWN, JJ., agree.

*The Burns Law Firm, PLLC*, by: *Meagan Burns*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.