BART F. VIRDEN, Judge
Travis Lynn Wyly appeals the Pulaski County Circuit Court's denial of his motion to terminate his obligation to register as a sex offender. On appeal, Wyly contends that the circuit court erred by finding that Ark. Code Ann. § 12-12-919(a)(3) (Supp. 2017) precludes Wyly's eligibility to seek removal from the sex-offender registry. Wyly also asserts that, as applied to him, the statute violates his federal and state constitutional due-process guarantees. We affirm.
I. Factual History
On September 22, 2000, Wyly pleaded guilty to four counts of third-degree carnal abuse against a single victim less than sixteen years of age in case number CR-99-2839. The abuse occurred from June 1, 1997, to July 31, 1998, and from May 1, *327 1998, to September 30, 1998. On the same day, Wyly pleaded guilty to one count of first-degree sexual abuse against a second victim less than fourteen years of age, and in that instance the abuse occurred between January 1, 1998, and June 16, 1999. On October 4, 2000, Wyly was sentenced concurrently to five years in the Arkansas Department of Correction with two years suspended, and he was ordered to register with the sex-offender registry. In April 2001, the General Assembly enacted Act 1743, which amended Ark. Code Ann. § 12-12-909, adding a lifetime obligation to register as a sex offender when an offender is "found to have been adjudicated guilty of a second or subsequent sex offense under a separate case number, not multiple counts on the same charge."
On October 2, 2017, Wyly moved to terminate his lifetime obligation to register as a sex offender. In his motion, he argued that Ark. Code Ann. § 12-12-919 provides that fifteen years after release from prison, the court may terminate the obligation to register as a sex offender. Wyly asserted that he was not likely to reoffend and that he had been fully rehabilitated. Wyly contended that Ark. Code Ann. § 12-12-919(a)(3) encouraged prosecutorial "game playing" in deciding whether to charge an offender under one or multiple case numbers. Wyly also argued that retrospective application of the amended statute violates his due-process rights. In an amended response, the State asserted that Wyly has a lifetime obligation to register because he pleaded guilty in two separate cases involving different victims.
The circuit court held a hearing on the matter, and the State argued that according to the statute, lifetime registration is required for a sex offender who has pleaded guilty or has been found guilty of a second or subsequent sex offense under a separate case number but not for someone who has been convicted of multiple counts on the same charge. Wyly responded that Ark. Code Ann. § 12-12-909(a)(3), which was enacted after he had entered his pleas, applies to a person who has committed an offense after he or she has been placed on the registry for the first offense. Wyly explained that his case is distinguishable from our recent decision in Ray v. State , 2017 Ark. App. 574, 533 S.W.3d 587, in which we upheld retroactive application of the amended statute. Wyly argued that in Ray , two pleas on multiple charges involving one victim were entered in two different counties on two different days, whereas he entered his pleas on the same day, albeit under different case numbers. Wyly argued that because the statute was not in effect at the time he entered his pleas, he had no way of avoiding the impact of the statute "by just arranging for all, you know, for both offenses to be under the same case number."
Wyly further asserted that although it is well-settled law that the registry requirement for sex offenders is not punitive and not subject to ex post facto analysis, there are special cases in which retroactive application of noncriminal statutes can amount to a due-process violation. Wyly cited Landgraf v. USI Film Products , 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) arguing that "we would submit under the particular facts and circumstances of this case the retrospective application would, in fact, violate federal and state constitutional rights of due process." The circuit court disagreed and stated from the bench, "I think Ray v. State is dispositive of this. I don't think you have, I don't think you can apply it to the statute."
On February 21, 2018, the circuit court entered an order denying Wyly's motion to terminate his obligation to register as a sex offender. Regarding the application of *328 Ray to the instant case, the court found that
[t]he Defendant attempts to distinguish his situation from that in Ray v. State , 2017 Ark. App. 574, 533 S.W.3d 587. He argues that his being charged in two separate cases could be construed as a type of "game-playing by the prosecutor in deciding whether to charge under one case number or not." The Defendant's argument is not convincing. Though the Defendant pleaded to both cases simultaneously and received concurrent sentences, this was not an issue of the prosecutor seeking "game playing." The Defendant was charged with two separate criminal informations filed over a month apart, there were two victims, and the date ranges alleged for the underlying conduct was different. These were not multiple counts on the same charge, and it is clear to this Court that the legislature intended lifetime registration to be the result of conduct such as Defendant's.
Wyly timely filed his notice of appeal.
II. Standard of Review and Applicable Law
This court reviews both the circuit court's interpretation of the constitution as well as issues of statutory interpretation de novo. Arnold v. State , 2011 Ark. 395, at 4, 384 S.W.3d 488, 493. Arkansas Code Annotated section 12-12-919(b)(1)(A)(i) provides that fifteen years after having been released from incarceration, a sex offender may apply for an order to terminate the obligation to register. The court shall grant an order terminating the obligation to register upon proof by a preponderance of the evidence that the applicant has not been adjudicated guilty of a sex offense for fifteen years and is not likely to pose a threat to the safety of others. Ark. Code Ann. § 12-12-919(b)(2). However, this process does not apply to sex offenders who are required to make lifetime registration under Ark. Code Ann. § 12-12-919(a), including a sex offender who "[h]as pleaded guilty or nolo contendere to or been found guilty of a second or subsequent sex offense under a separate case number, not multiple counts on the same charge." Ark. Code Ann. § 12-12-919(a)(3). The lifetime-registration requirement in section 12-12-919 was added to the statute by Act 1743 of 2001, and the legislature expressly provided that the registration requirements applied to offenders adjudicated guilty of a sex offense on or after August 1, 1997. Before the amendment, the statute provided a method by which all sex offenders could seek termination of the obligation to register.
III. Points on Appeal
Wyly raises two points for reversal. First, Wyly argues that the circuit court erred when it determined that Ark. Code Ann. § 12-12-919(a)(3) precluded his eligibility to remove his obligation to register as a sex offender. Specifically, Wyly asserts that Ray , supra , can be distinguished from the instant case and that our holding in Ray is an absurd result and should be overturned. Second, Wyly contends that the lifetime-registration provision as applied to him violates federal and state constitutional due-process guarantees. Wyly's arguments are not well taken, and we affirm.
A quick review of Ray is helpful to our analysis. Wayne Travis Ray sexually abused a single victim (aged seven to eleven years old) over a period of years. During this time, Ray moved from Saline County to Pulaski County. In 1999 in the Saline County Circuit Court, Ray pleaded guilty and was convicted of one count of first-degree sexual abuse. A few days after this conviction, he was convicted in the *329 Pulaski County Circuit Court of a separate instance of the same offense against the same victim. The sentences in those cases were ordered to run concurrently. In April 2016, Ray filed a petition to terminate his obligation to register as a sex offender, alleging that he had been released from the Arkansas Department of Correction on November 1, 2000, had not been found guilty of a sex offense during the fifteen years since his release, and was not likely to pose a threat to the safety of others. The circuit court denied Ray's petition because he had pleaded guilty to sex offenses in two separate cases, which triggered the lifetime-registration requirement. The circuit court found that Ark. Code Ann. § 12-12-919(a)(3) was not an unconstitutional ex post facto law because it was regulatory in nature and because there was a rational basis for the statute. Our court upheld that decision.
As Wyly states in his brief, "[a] literal application that leads to absurd consequences should be rejected where an alternative interpretation effects the statute's purpose." Jonesboro Healthcare Ctr., LLC v. Eaton-Moery Envtl. Servs., Inc. , 2011 Ark. 501, at 8, 385 S.W.3d 797, 802, (citing Curry v. Pope Cty. Equalization Bd. , 2011 Ark. 408, 385 S.W.3d 130 ).
Wyly argues that Ray should be overturned because the legislature clearly intended to apply Ark. Code Ann. § 12-12-919(a)(3) only to people "who committed second offense after having been convicted of a first offense." To interpret the statute otherwise, he argues, leads to an absurd result. He is incorrect. In Ray , we held that
[t]he legislative intent behind the sex-offender registry is to protect the public from sex offenders, whom the legislature has found to pose a high risk of reoffending after having been released from custody. Ark. Code Ann. § 12-12-902. Individuals convicted of a subsequent sex offense under a second case number have committed more than one sex crime, and the General Assembly could have concluded that these individuals are more likely to reoffend.
Ray , 2017 Ark. App. 574, at 5-6, 533 S.W.3d at 590. We are not convinced by Wyly's argument that the General Assembly intended to identify sex offenders with subsequently timed convictions-and not individuals convicted of subsequent sex offenses-as likely to reoffend and subject to lifetime registration. The plain language of the statute dictates that a sex offender who has pleaded guilty to a second sex offense under a separate case number-exactly the case here-must register for his or her lifetime. The circuit court's interpretation of Ark. Code Ann. § 12-12-919 (a)(3) and its application of the statute to Wyly fulfills the legislative intent to protect the public from sex offenders who have been deemed more likely to reoffend because they have committed more than one offense and were prosecuted under different case numbers.
While the facts in Ray are distinguishable from those in the instant case, we agree with the State that "[t]his is a distinction without a difference." We find no error in the circuit court's decision.
Wyly also argues that the "vagaries of case numbering practices" should not determine application of Ark. Code Ann. § 12-12-919(a)(3). Wyly asserts that if he had known about the lifetime-registration requirement, he would have "arranged" to have the two victims' cases combined under the same case number.[1] His argument *330 is not well taken. This court settled the "underinclusiveness" issue in Ray :
The underinclusiveness of a particular provision does not make the provision unconstitutional. Landers v. Stone , 2016 Ark. 272, 496 S.W.3d 370. Thus, Ray's argument concerning sex offenders convicted of offenses against multiple victims under one case number does not render the legislature's chosen classification unconstitutional.
Ray , 2017 Ark. App. 574, at 6, 533 S.W.3d at 590.
Here, Wyly's assertion that the prosecutor or court may choose to combine multiple charges under one case number for some offenders and not others does not convince us that the provision is unconstitutional.
We now turn to Wyly's assertion that the lifetime-registration provision, as applied to him, violates federal and state constitutional due-process guarantees because it subjects him to "additional penal consequences." The legislature intended the amendment to retroactively apply to those convicted of a sex offense on or after August 1, 1997; thus, the remaining question is whether the amended statute violates due process as applied to Wyly. Landgraf v. USI Film Prods. , 511 U.S. 244, 280, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). We hold that it does not.
Wyly acknowledges that our supreme court has held that the registration requirement is not punitive. See Parkman v. Sex Offender Screening & Risk Assessment Comm. , 2009 Ark. 205, 307 S.W.3d 6. Instead, Wyly asserts that the amendment to the statute removes his right to petition the court to end his registration requirement. Wyly extensively cites Landgraf , supra , in which the Supreme Court held that
[t]he Due Process Clause also protects the interest in fair notice and repose that maybe compromised by retroactive legislation; a justification sufficient to validate a statute's prospective application under the Clause "may not suffice" to warrant its retroactive application. Usery v. Turner Elkhorn Mining Co. , 428 U.S. 1 [96 S.Ct. 2882, 49 L.Ed.2d 752] (1976).
These provisions demonstrate that retroactive statutes raise particular concerns. The Legislature's unmatched powers allow it to sweep away settled expectations suddenly and without individualized consideration. Its responsivity to political pressures poses a risk that it may be tempted to use retroactive legislation as a means of retribution against unpopular groups or individuals.
511 U.S. at 266-67, 114 S.Ct. 1483.
We agree that Landgraf is instructive; however, the language we find applicable here is the Supreme Court's holding that "[a] statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment, or upsets expectations based in prior law. The court must ask whether the new provision attaches new legal consequences to events completed before its enactment." Id. at 270, 114 S.Ct. 1483.
Wyly argues that when he pleaded guilty to the charges, there was no lifetime-registration requirement for offenders with subsequent convictions; thus, the lifetime-registration requirement is a new legal consequence of being convicted under two case numbers. We disagree. The lifetime-registration amendment may have *331 upset Wyly's expectation that he would be able to petition for removal from the registry, but it does not impose a new legal consequence that violates due process. The requirement that Wyly must register as a sex offender was in effect when he was convicted, and removal of the requirement to register was never guaranteed. Furthermore, the legislature did not "sweep away settled expectations suddenly and without individualized consideration." Id. at 266, 114 S.Ct. 1483. Instead, the legislature removed the possibility that sex offenders it considers most likely to reoffend may petition to be removed from the registry. The amended statute is not a tool for retribution against an unpopular group but a means of protecting the public. See Parkman , supra ; Kellar v. Fayetteville Police Dep't , 339 Ark. 274, 5 S.W.3d 402 (1999).
Affirmed.
Harrison and Klappenbach, JJ., agree.

Our state constitution provides that the prosecutor has the authority to file a criminal information. Ark. Const. amend. 21, § 1. See Simpson v. State , 310 Ark. 493, 497, 837 S.W.2d 475, 478 (1992). When offenses are based on the same conduct or a series of acts connected together or constituting parts of a single scheme or plan, they may be joined for trial. McArdell v. State , 38 Ark. App. 261, 833 S.W.2d 786 (1992).