Cite as 2021 Ark. App. 86

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CR–20–432

| | |
|---|---|
| MAXWELL TODD HOWTON | **Opinion Delivered** February 24, 2021 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION [NO. 60CR-18-3051] |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE LEON JOHNSON, JUDGE |
| | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Appellant, Max Howton, appeals from a judgment of conviction entered following his conditional guilty plea to two counts of knowingly exposing another person to human immunodeficiency virus (HIV) pursuant to Ark. Code Ann. § 5-14-123 (Repl. 2013). He argues that the circuit court erred in denying his two pretrial motions, which challenged the constitutionality of section 5-14-123 under the United States Constitution and the Arkansas Constitution on grounds that the statute (1) is a bill of attainder; (2) violates the right to equal protection of the law; (3) imposes cruel or unusual punishment; and (4) is unconstitutionally vague. We affirm.

### I. *Facts and Procedural History*

On August 17, 2018, appellant was charged in the Pulaski County Circuit Court with having committed two counts of knowingly exposing another person to HIV in violation of Ark. Code Ann. § 5-14-123(b) by failing to inform two sexual partners that he

had tested positive for HIV before having sexual intercourse with either person. On December 16, 2018, appellant filed a "Motion to Dismiss, Offer of Proof and Brief in Support," alleging that section 5-14-123 is unconstitutional because it serves as a bill of attainder, violates his equal-protection rights, constitutes cruel and unusual punishment, and is void for vagueness under both the federal and state constitutions. In response, the State denied each allegation. The circuit court orally denied the motion on April 8, 2019.

On January 6, 2020, appellant filed a "Motion to Hold Ark Code Ann. § 5-14-123 Imposes Or Allows Cruel and/or Unusual Punishment, Due Process, or Equal Protection," which alleged that, due to the vast medical and scientific advancements in the treatment for HIV, prosecuting him for a class A felony for a crime that has become "far less grave and potentially nonexistent when one's viral HIV load is 'undetectable' constitutes cruel and/or unusual punishment because the punishment doesn't fit the crime" and alleged that treating him differently by exposing him to such grave punishment violates due process and equal protection of the law. No response was filed. The circuit court denied the motion on the record on February 11, 2020. On that same date, appellant entered a conditional plea statement, pleading guilty to charges as filed, preserving his ability to appeal the circuit court's denial of his two pretrial motions, which is now before us. *See* Ark. R. Crim. P. 24.3(b)(iii) (2020). Under his plea agreement, appellant was sentenced to an aggregate term of six years' imprisonment in the Arkansas Department of Correction.

## II. *Standard of Review*

Both the circuit court's interpretation of the constitution and issues of statutory interpretation are reviewed de novo. *Worsham v. State*, 2019 Ark. App. 65, 572 S.W.3d 1.

Statutes are presumed constitutional, and the burden of proving otherwise is on the challenger of the statute. *Ray v. State*, 2017 Ark. App. 574, 533 S.W.3d 587. Because statutes are presumed to be framed in accordance with the Constitution, they should not be held invalid for repugnance thereto unless such conflict is clear and unmistakable. *Id.* If it is possible to construe a statute as constitutional, the reviewing court must do so. We acknowledge that it is the duty of the courts to sustain a statute unless it appears to be clearly outside the scope of reasonable and legitimate regulation. *Arnold v. State*, 2011 Ark. 395, at 4, 384 S.W.3d 488, 493. This court must also give effect to the legislature's intent, making use of common sense and giving words their usual and ordinary meaning.

### III. *Discussion*

### A. Bill of Attainder

Appellant argues that the challenged statute is an unlawful bill of attainder because it singles out disfavored persons by illness (HIV positive) and rank labels them as dangers to the public. Specifically, he argues that through the advances in medical treatment of HIV, specifically antiretroviral therapy (ART), a person's HIV levels can now be suppressed to undetectable levels thereby preventing HIV transmission through sexual penetration.[1] We disagree.

---

[1]Contrary to appellant's claim that he is now "HIV negative," when an HIV-positive individual's viral-load levels are suppressed through treatment to undetectable levels, that individual is still HIV positive. *See* National Institute of Allergy and Infectious Diseases, *10 Things to Know about HIV Suppression*, available online at https://www.niaid.nih.gov/diseases-conditions/10-things-know-about-hiv-suppression (content last reviewed June 21, 2020), archived at https://perma.cc/Z7KK-FG5X.

A bill of attainder is a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial. *Selective Serv. Sys. v. Minn. Pub. Interest Research Grp.*, 468 U.S. 841 (1984); *see also, e.g., Burns v. State*, 303 Ark. 64, 793 S.W.2d 779 (1990). The prohibition against a bill of attainder reaches only statutes that inflict punishment on the specified individual or group. *Id.*

In order to determine if a statute inflicts a prohibited punishment, the court must look at the following three factors: (1) whether the challenged statute falls within the historical meaning of legislative punishment; (2) whether the statute can reasonably be said to further nonpunitive legislative purposes; and (3) whether the legislative record reveals a congressional intent to punish. *Id.* Considering these factors, Ark. Code Ann. § 5-14-123 (a) is plainly not a bill of attainder.

Ark. Code Ann. § 5-14-123(a) provides:

A person with acquired immunodeficiency syndrome or who tests positive for the presence of human immunodeficiency virus antigen or antibodies is infectious to another person through the exchange of a body fluid during sexual intercourse and through the parenteral transfer of blood or a blood product and under these circumstances is a danger to the public.

The State submits that the mere labeling of a person capable of transmitting HIV as a "danger to the public" does not punish a person for any act; it imposes no punishment at all. We agree. Ark. Code Ann. § 5-14-123 (a) does not criminalize the status of being HIV positive. Moreover, Ark. Code Ann. § 5-14-123 (b) criminalizes *conduct of an HIV-positive person*— not a person's status as HIV positive. Simply being HIV positive is not enough to be prosecuted under the statute.

4

Ark. Code Ann. § 5-14-123(b) provides:

A person commits the offense of exposing another person to human immunodeficiency virus if the person knows he or she has tested positive for human immunodeficiency virus and exposes another person to human immunodeficiency virus through the parenteral transfer of blood or a blood product or engages in sexual penetration with another person without having first informed the other person of the presence of the human immunodeficiency virus.

To be found criminally liable under the statute, a person must expose another to HIV through a blood transfer or engage in sexual penetration without disclosing one's HIV-positive status. In this matter, neither appellant's guilt nor sentence was predetermined by the language of the statute, nor by his HIV-positive status. It is his lack of conduct (informing) that is criminalized. This statute is not a bill of attainder, and the circuit court's rejection of appellant's constitutional challenge on these grounds is affirmed.

B. Equal Protection

Appellant argues that Ark. Code Ann. § 5-14-123's requirement that a knowing HIV carrier must disclose his or her HIV-positive status to a sexual partner prior to engaging in sexual penetration violates the Equal Protection Clause of the United States and Arkansas Constitutions.[2] Specifically, he argues there is no constitutionally justifiable basis for treating carriers of HIV differently than carriers of other sexually transmitted diseases. We disagree.

---

[2]Appellant's brief, in the same subpoint's heading, stated that the challenged statute also violated his substantive due-process rights under the Fourteenth Amendment to the United States and Arkansas Constitutions, but he fails to address whether the statute involved a fundamental right and fails to advance a substantive-due-process argument. Our court will not consider an argument, even a constitutional one, if the appellant makes no convincing argument or cites no convincing authority to support it. *E.g.*, *Watts v. Kelley*, 2017 Ark. 189, 520 S.W.3d 249.

Equal protection under the law is guaranteed by the Fourteenth Amendment to the United States Constitution and by articles 2, 3, and 18 of the Arkansas Constitution. *Ray*, 2017 Ark. App. 574, at 4. In deciding whether an equal-protection challenge is warranted, there must first be a determination that there is a state action that differentiates among individuals. *Arnold*, 2011 Ark. 395, 384 S.W.3d 488. When the legislation neither invades a fundamental constitutional right nor purposefully operates to the detriment of a suspect class, the only requirement of equal protection is that the legislation be rationally related to a legitimate government interest. *Harris v. McRae*, 448 U.S. 297 (1980); *see also, e.g., State v. Batista*, 64 N.E.3d 498, 501 (Ohio Ct. App. 2016) (HIV-exposure statute does not involve a fundamental right and HIV-positive persons are not a suspect class or semisuspect class). Here, appellant's equal-protection challenge does not involve a "fundamental right" or "suspect classification" warranting strict scrutiny, nor does his challenge involve a right or classification warranting intermediate scrutiny. Accordingly, the applicable standard is whether the classification is rationally related to a legitimate government interest.

Equal protection does not require that persons be dealt with identically; it requires only that classification rest on real and not feigned differences. *Landers v. Stone*, 2016 Ark. 272, 496 S.W.3d 370. The distinctions must have some relevance to the purpose for which the classification is made, and their treatment be not so disparate as to be arbitrary. *Id.* When reviewing an equal-protection challenge, it is not this court's role to discover the actual basis for the legislation. *Id.* Rather, if there is *any reasonably conceivable fact situation* that demonstrates the possibility of a deliberate nexus between state objectives and the classification in question, the classification is not completely arbitrary, and the statute is

6

constitutional. *Id*. (emphasis added). Appellant bears the burden to negate every conceivable rational basis that might support the classification. *Jegley v. Picado*, 349 Ark. 600, 80 S.W.3d 332 (2002).

In this case, the class of persons created by this statute consists of persons who are aware that they have tested positive for HIV and engage in sexual penetration without disclosing their HIV-positive status. The State asserts that the government has a legitimate public interest in stopping the spread of HIV. The State aptly points out that, despite the medical advances in treatment, HIV remains incurable, costly, and life threatening. The requirement of an HIV-positive individual to disclose his or her status to a prospective sexual partner before engaging in sexual conduct is rationally related to stopping the spread of HIV.

Appellant also argues that other diseases, such as syphilis, Ebola, and hepatitis, have been initially considered deadly and incurable or untreatable and can all be spread through bodily fluid and sexual conduct; however, there are no statutes that criminalize the failure to disclose a positive diagnosis to a partner before engaging in sexual conduct for any other disease. The State counters this argument that the legislature is justified in treating HIV differently than other diseases because HIV is both incurable and fatal without treatment and because of the significant medical differences between HIV and other diseases. We agree with the State. The state does not have to criminalize every failure to disclose a sexually transmitted disease to make the statute at issue comport with the Equal Protection Clauses of the state and federal constitutions. Rational-basis review does not require that the challenged legislation be a perfect fit or exact fit between the means used and ends sought. *United States v. Johnson* 495 F.3d 951, 963 (8th Cir. 2007). Moreover, the fact that HIV is

7

more easily treatable now than in the past does not change our analysis. There is a rational relation between preventing the spread of HIV and requiring disclosure of an HIV-positive status before engaging in sexual conduct. The circuit court did not err by denying appellant's pretrial motions on equal-protection grounds, and we affirm on this point.

## C. Cruel & Unusual Punishment

Appellant contends his six-year sentence was so disproportionate to the offense and has not changed with either society's evolving standard of decency or with evolving standards of medical science that it amounts to a violation of the Eighth Amendment prohibition against cruel and/or unusual punishment.

The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Benjamin v. State*, 102 Ark. App. 309, 316, 285 S.W.3d 264, 269 (2008) (citing *Ewing v. California*, 538 U.S. 11 (2003)). Our courts have interpreted these provisions in both the state and federal constitutions identically on the issue of the prohibition against cruel and unusual punishment. *Bunch v. State*, 344 Ark. 730, 43 S.W.3d 132 (2001). A sentence that is within the legislative limits will not be reduced, except in "extremely narrow" cases: (1) where the punishment resulted from passion or prejudice; (2) where it was a clear abuse of the jury's discretion; or (3) where it was so wholly disproportionate to the nature of the offense as to shock the moral sense of the community. *Id.* at 740, 43 S.W.3d at 138.

Our courts have long recognized that it is the legislature's prerogative to classify crimes and to decide the punishment for violations. *Wilson v. State*, 251 Ark. 900, 902, 475 S.W.2d 543, 544 (1972). Under Ark. Code Ann. § 5-14-123(d), the crime of exposing

another person to the human immunodeficiency virus is a Class A felony and is punishable by a sentence of not less than six years nor more than thirty years. *See* Ark. Code Ann. § 5-4-401(a)(2) (Repl. 2013).

Appellant pleaded guilty to two counts of violation of the challenged statute. The circuit court sentenced appellant to six years' imprisonment for each count to run concurrently. The sentence of six years is the statutory minimum available. Under our standard of review, we presume the validity and constitutionality of the challenged statute. Appellant's sentence is not grossly disproportionate to his crimes, and none of the three narrow exceptions apply. Once a person is infected with HIV, that person will have HIV forever, and there is currently no cure. Appellant failed to disclose his HIV-positive status to multiple sexual partners, one of whom alleged she contracted HIV after their sexual encounter. The circuit court did not err in denying his pretrial motions on the ground that his sentence was cruel or unusual, and we affirm.

## D. Void for Vagueness

Appellant argues that Ark. Code Ann. § 5-14-123 is unconstitutional because it is vague in violation of the due-process protections of the Fourteenth Amendment to the U.S. Constitution and article 2, section 8 of the Arkansas Constitution. Specifically, appellant claims that he cannot determine if the statute actually applies to him because he "cannot expose anyone to HIV" due to his current medical treatment plan.

The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory

enforcement. *Anderson v. State*, 2017 Ark. 357, 533 S.W.3d 64. When challenging the constitutionality of a statute on grounds of vagueness, the individual challenging the statute must be one of the "entrapped innocent" who has not received fair warning that certain conduct has been prohibited. *Id.* However, if, by his action, that individual clearly falls within the conduct prohibited by the statute, he cannot be heard to complain. *Id.*

Appellant can hardly be considered an "entrapped innocent" as his failure to inform sexual partners that he was HIV positive clearly falls within the conduct that is prohibited by the statute. Here, appellant's claim that he cannot expose anyone to HIV because of the advancements of medical science is simply not accurate. Even in his current medical state, appellant is still—and will always be—HIV positive, a disease to which there is no cure or vaccine and is still potentially fatal.

Arkansas Code Annotated section 5-14-123 does not define the prohibited conduct by risk of transmission. The prohibited conduct is knowingly engaging in sexual penetration with another person without having first informed the other person of the presence of the HIV virus. Ark. Code Ann. § 5-14-123(b). The statute further defines "sexual penetration" as sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into a genital or anal opening of another person's body. Ark. Code Ann. § 5-14-123(c)(1). Moreover, the statute goes even further and prohibits this conduct even where there is no emission of semen. Ark. Code Ann. § 5-14-123(c)(2). The statute, by its own terms, prohibits conduct even when there is no risk of HIV transmission.

In addition, the statute does not require that a person expose HIV through sexual penetration as appellant seems to argue in support of his claim that the statute is unconstitutionally vague. The statute does prohibit a person from exposing "another person to human immunodeficiency virus infection through the parenteral transfer of blood or a blood product." Ark. Code Ann. § 5-14-123(b). It is clear that an ordinary person could understand that in order to commit a criminal offense under the statute, a person who is HIV positive would have to engage in sexual penetration without first informing the sexual partner that he or she is HIV positive. That is it, and the issue of whether or not a person has a detectable or undetectable viral load of HIV is irrelevant to the offense. Thus, appellant fails to meet the heavy burden necessary to mount a constitutional challenge to Ark. Code Ann. § 5-14-123. The statute is not unconstitutionally vague, and we affirm on this point.

Affirmed.

VIRDEN and GRUBER, JJ., agree.

*John Wesley Hall* and *Samantha J. Carpenter*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Sr. Ass't Att'y Gen., for appellee.