Cite as 2023 Ark. App. 54

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CR-22-373

| | | |
|---|---|---|
| JON ERIC LARUE | | |
| | APPELLANT | Opinion Delivered February 8, 2023 |
| V. | | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. 60CR-17-4255] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE KAREN D. WHATLEY, JUDGE |
| | | AFFIRMED |

**MIKE MURPHY, Judge**

On February 22, 2022, a Pulaski County jury found appellant Jon Larue guilty of sexual assault in the first degree under Arkansas Code Annotated section 5-14-124 (Repl. 2013) and sentenced him to a term of fifteen years' imprisonment in the Arkansas Department of Corrections. Larue appeals, arguing that Arkansas Code Annotated section 5-14-124, as applied to him and the charge against him, is unconstitutional. Specifically, he contends the term "trust and authority" found in the statute is unconstitutionally void for vagueness and the conviction should be dismissed. We affirm.

Prior to trial, Larue filed a motion to dismiss arguing that the "trust and authority" language in Arkansas Code Annotated section 5-14-124 was unconstitutionally vague. A pretrial hearing was held on February 17, 2022, wherein the court orally denied the motion.

At the jury trial, testimony established that the minor child (M.C.) was sexually assaulted by Larue, her friend's father. Larue and M.C.'s father have been friends since high school. M.C. was at Larue's house for a sleepover with his daughter. At the sleepover, M.C. awoke to Larue putting his hands up her legs and inserting his fingers into her vagina. He then picked her up and took her to his room where he continued to sexually assault her. When M.C. returned home, her parents learned what happened and took her to the hospital. A rape kit was performed, which established that DNA found in M.C.'s underwear could not exclude Larue or any of his paternally related relatives. The sexual-assault examination revealed a deep notch in, and bruising around, her hymen, which were consistent with a recent penetrating injury. Larue's defense was general denial. Larue renewed his motion to dismiss, and it was again denied by the court. He appealed.

Issues of statutory interpretation are reviewed de novo. *Howton v. State*, 2021 Ark. App. 86, at 3, 619 S.W.3d 29, 33–34. Statutes are presumed constitutional, and the burden of proving otherwise is on the challenger of the statute. *Id.* When construing statutes, we give effect to the legislature's intent, making use of common sense and giving words their usual and ordinary meaning. *Id.*

Larue was charged with, and convicted of, sexual assault in the first degree pursuant to Arkansas Code Annotated section 5-14-124(a)(1)(D), which provides that a person commits sexual assault in the first degree if the person engages in sexual intercourse or deviate sexual activity with a minor who is not the actor's spouse, and the actor is an employee in the victim's school or school district, a temporary caretaker, or a person in a

2

position of trust or authority over the victim. The felony information charged him specifically as "a person in a position of trust or authority." On appeal, Larue argues that this statute is vague because the phrase "trust or authority" is never defined in the Code.

The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *Howton*, *supra*. When challenging the constitutionality of a statute on grounds of vagueness, the individual challenging the statute must be one of the "entrapped innocent" who has not received fair warning that certain conduct has been prohibited. *Id.* However, if, by his action, that individual's conduct clearly falls within the conduct prohibited by the statute, he cannot be heard to complain. *Id.* That a statutory provision may be of questionable applicability in speculative situations is usually immaterial if the challenged provision applies to the conduct of the defendant in the case at issue. *Reinert v. State*, 348 Ark. 1, at 5, 71 S.W.3d 52, 54.

We conclude that Larue's conduct clearly falls within that proscribed by the statute. Here, the conduct is engaging in sexual intercourse or deviate sexual activity with a minor. Larue was convicted based on testimony that he penetrated M.C.'s vagina with his fingers, mouth, and penis—conduct clearly proscribed by the statute. Additionally, it was undisputed that Larue was the adult in charge at the sleepover. This court has held that being a babysitter or chaperone is sufficient to establish that a person is in a position of trust or authority over

a victim. *See Scaggs v. State*, 2020 Ark. App. 142, 596 S.W.3d 562.[1] Thus, Larue cannot claim to be one of the "entrapped innocent" who did not receive fair warning of the consequences of his actions. The statute conveyed sufficient warning and fair notice to Larue that his sexual interaction with a fourteen-year-old who was at his house for a sleepover with his own child was prohibited by law.

Accordingly, we hold that the trial court did not err in denying Larue's motion to dismiss the charges on the grounds that the statute is void for vagueness.

Affirmed.

KLAPPENBACH and BARRETT, JJ., agree.

*John Wesley Hall* and *Samantha J. Carpenter*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.

---

[1]Larue argues that *Scaggs* is inapplicable because it was decided after he had allegedly sexually assaulted M.C. This, however, is immaterial because the statute is presumed constitutional, and *Scaggs* did not modify the law. Rather, it applied the individual facts to the statute to determine its applicability. The elements of the statute were not altered.